UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEANDRE ARNOLD, | ) |
| Petitioner, | ) |
| v. | ) No. 2:21-cv-00392-JPH-MG |
| WARDEN, POPE, BENEFIELD, | ) |
| Respondents. | ) |

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS THE PETITION FOR A WRIT OF HABEAS CORPUS**

Mr. Arnold filed a petition for a writ of habeas corpus challenging a prison disciplinary proceeding, in which he was found guilty. Dkt. 1. He did not cite to a specific discipline case number but noted the incident occurred on August 10, 2021. *Id*. Respondent moves to dismiss the petition, arguing that the petitioner is not "in custody" for purposes of 28 U.S.C. § 2254 and thus he cannot obtain any habeas relief. Dkt. 7. Mr. Arnold did not respond to the motion.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (*quoting* 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanctions cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id*., or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is

not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

Here, Mr. Arnold's sanction included a written reprimand but did not include the loss of good-time credits or a demotion in credit-earning class Dkt. 7-1. Therefore, Mr. Arnold is not "in custody" under § 2254, and Respondent's motion to dismiss, dkt. [7], must be **granted**. Mr. Arnold's petition for a writ of habeas corpus is **dismissed**. Final Judgment in accordance with this decision shall now issue.

**SO ORDERED**.

Date: 4/20/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEANDRE ARNOLD
 Psychiatric Unit
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov